FILED
CLERK
4/20/2015 1:35 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JONATHAN SMITH, #14002641,

                Plaintiff,

    -against-

KATHLEEN RICE, in her individual capacity,
SHERIFF MICHAEL SPOSATO, in his individual
capacity, HELENE GUGERTY, in her individual
capacity, EDWARD MANGANO, in his individual
capacity, and the COUNTY OF NASSAU,

                Defendants.
------------------------------------------------------------------X

OPINION AND ORDER
15-CV-468(SJF)(SIL)

FEUERSTEIN, District Judge.

I.    Introduction

On January 22, 2015, incarcerated *pro se* plaintiff Jonathan Smith ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") against former Nassau County District Attorney Kathleen Rice ("D.A. Rice"), Nassau County Sheriff Michael Sposato ("Sheriff Sposato"), Hon. Helene Gugerty, acting Justice of the New York Supreme Court, Nassau County ("Judge Gugerty"), Nassau County Executive Edward Mangano ("County Executive Mangano"), and the County of Nassau ("Nassau County") (collectively, "defendants")[1] accompanied by an application to proceed *in forma pauperis*.

Upon review of the declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee and plaintiff's request to proceed *in forma pauperis* is granted. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). However, for the reasons that follow, the

---

[1] The individual defendants are sued in their individual capacities.

complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

II.     Background[2]

Plaintiff's complaint, submitted on the Court's § 1983 form, alleges that on June 12, 2013, he was arrested for criminal contempt in the first degree. Compl. ¶ IV. While plaintiff was in custody at the Nassau County Correctional Facility, Sheriff Sposato allowed D.A. Rice and other district attorneys ("A.D.A.") to listen to privileged communications, pursuant to the authority of "C.P.L.R. 4502,"[3] between plaintiff and his wife. *Id.* Subsequently, Judge Gugerty allowed the A.D.A. to introduce the illegal jail recordings to a grand jury, which is a felony under Penal Law 250.00 and 250.05 (eavesdropping). *Id.* Judge Gugerty allegedly held a trial without a complaining witness or any evidence of guilt and without plaintiff's presence or participation. Plaintiff also alleges that his sixth amendment rights were violated because he did not face the adverse witnesses against him and that his eight and fourteenth amendment rights were also violated. *Id.*

Based upon the foregoing, plaintiff alleges that he suffered mental anguish and damage to his left eye for which he was taken to a hospital, where he was given an ice pack and eye drops. *Id.* at ¶ IV.A. Plaintiff also experienced a "tremendous amount of mental and emotional stress" for which he received non-medicinal treatment. *Id.* Plaintiff seeks compensatory damages in the

---

[2] All material allegations in the complaint are assumed to be true for the purpose of this Order, *see, e.g.*, *Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

[3] New York's Civil Practice Law and Rules § 4502(b) provides that a "husband or wife shall not be required, or, without consent of the other if living, allowed, to disclose a confidential communication made by one to the other during marriage."

amount of seventy-five thousand dollars ($75,000), punitive damages in the amount of seventy-five thousand dollars ($75,000) and a declaratory judgment as to his rights. *Id*. at ¶ V.

III. Discussion

A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

B. Application of 28 U.S.C. § 1915

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who has immunity. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of a proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir.

3

2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (internal quotation marks and citation omitted); *see also Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, LLC*, 133 S. Ct. 846 (2013) (accord). "A pleading that offers 'labels and conclusion' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557); *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

C.  42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *See, e.g., Filarsky v. Delia*, 132 S. Ct.

4

1657, 1661 (2012). To state a claim under § 1983, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk*, 132 S. Ct. 1497, 1501-02 (2012). Section 1983 does not create any independent substantive rights; rather, the statute provides a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). "Despite the broad terms of § 1983, the Court has long recognized that the statute was not meant to effect a radical departure from ordinary tort law and the common-law immunities applicable in tort suits." *Rehberg*, 132 S. Ct. at 1502; *see also Filarsky*, 132 S. Ct. at 1665 ("[Courts] read § 1983 in harmony with general principles of tort immunities and defenses." (quotations and citation omitted)). Two (2) of the "functions that are absolutely immune from liability for damages under § 1983," *Rehberg*, 132 S. Ct. at 1503, are "actions taken by judges within the legitimate scope of judicial authority . . . [and] actions taken by prosecutors in their role as advocates." *Id.*

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or by evidence of an official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or

5

(4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.' " *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). Where a § 1983 claim fails to allege the personal involvement of each defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010).

1. Municipal Liability

It is well-established that a municipality or municipal entity, such as Nassau County, cannot be held liable under § 1983 on a *respondeat superior* theory. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a § 1983 claim against a municipality, a plaintiff must show "that action pursuant to official municipal policy caused the alleged constitutional injury." *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (internal quotations and citation omitted); *see also Monell*, 436 U.S. at 690-91. "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690-691 (citations omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); (2) actions taken or decisions made by municipal policymaking officials, *i.e.*, officials with final decision making authority, which caused the

alleged violation of plaintiff's civil rights, *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 126 (2d Cir. 2004); *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," *Connick*, 131 S. Ct. at 1359; *Green v. City of New York*, 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (quotations and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates," *Cash*, 654 F.3d at 334 (quotations and citations omitted); *see also Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 439 (2d Cir. 2009).

Plaintiff's allegations are insufficient to state a claim against Nassau County under § 1983 because he has failed to allege: (1) the existence of a formal policy officially endorsed by the County; (2) actions taken or decisions made by officials with policymaking power which caused the alleged civil rights violations; (3) a practice so persistent and widespread as to practically have the force of law; or (4) a failure by County policymakers to properly train or supervise their subordinates, which amounts to "deliberate indifference" to the rights of those who come into contact with their employees. *See White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (affirming *sua sponte* dismissal of § 1983 claim based upon plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality"). Therefore, plaintiff's complaint does not state a plausible *Monell* claim against Nassau County and thus, the claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2.  Claim Against County Executive Mangano

As discussed above, a § 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law. *Johnson*, 360 F. App'x at 201. Although plaintiff names County Executive Mangano as a defendant, the complaint contains no allegations or references to him and, accordingly, plaintiff has not alleged a viable § 1983 claim against this defendant. Because it appears that plaintiff seeks to impose liability merely because of the supervisory position he holds, *Back*, 365 F.3d at 127 (an "individual cannot be held liable for damages under Section 1983 merely because he held a high position of authority" (quotations and citation omitted)), plaintiff's claim against County Executive Mangano is implausible and is therefore dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

3.  Claim Against Judge Gugerty

Judge Gugerty is entitled to absolute judicial immunity. It is well-settled that judges are entitled to absolute immunity for damages arising out of judicial actions performed in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (*per curiam*); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). However, "[a]s a general matter, judges are not absolutely immune from suits for prospective injunctive relief." *McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App'x 121, 124 (2d Cir. 2010) (summary order) (citing *Mireles*, 502 U.S. at 10 n.1). Pursuant to § 1983, however, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *See Caroselli v. Curci*, 371 F. App'x 199, 202 (2d Cir. 2010) (summary order) (injunctive relief against state court judges is statutorily barred by § 1983) (citing *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir.

8

1999) (*per curiam*)).

As a result, "if the relevant action is judicial in nature, the judge is immune so long as it was not taken in the complete absence of jurisdiction." *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2004). "[O]nce a court determines that an official was functioning in a core judicial or prosecutorial capacity, absolute immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *DiBlasio v. Novello*, 344 F.3d 292, 297 (2d Cir. 2003) (quotation marks and citations omitted).

Even liberally construed, plaintiff alleges no acts performed by Judge Gugerty that fall outside the scope of absolute judicial immunity. Plaintiff's allegations relate solely to Judge Gugerty's involvement in plaintiff's underlying criminal prosecution. Plaintiff complains that Judge Gugerty admitted certain evidence against plaintiff and may have presided over his trial. Deciding whether to accept evidence into the record and presiding over a trial are actions that unquestionably fall within a judge's capacity. In addition and to the extent that plaintiff seeks injunctive relief against Judge Gugerty, he does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Accordingly, based upon the doctrine of absolute judicial immunity, plaintiff's § 1983 claim against Judge Gugerty is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

4. Claim Against D.A. Rice

Plaintiff's claim seeking damages against D.A. Rice is dismissed with prejudice based upon the doctrine of absolute prosecutorial immunity. The Second Circuit has held that:

> Absolute immunity affords 'complete protection from suit,' *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982), because it gives 'public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their

9

> responsibilities,' *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987), so that they
> will not feel "constrained in making every decision by the consequences in terms
> of [their] own potential liability in a suit for damages," *Imbler v. Pachtman*, 424
> U.S. 409, 424-25 (1976). The doctrine's nature "is such that it "accords
> protection from . . . any judicial scrutiny of the motive for and reasonableness of
> official action," *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005)
> (quoting *Robinson v. Via*, 821 F.2d 913, 918 (2d Cir. 1987)), even where the
> challenged conduct was motivated by a wrongful motive or even malice, *Bernard
> v. County of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004) (citing *Cleavinger v.
> Saxner*, 474 U.S. 193, 199-200 (1985)).

*In re NYSE Specialists Securities Litigation*, 503 F.3d 89, 95-96 (2d Cir. 2007).

Under federal law, prosecutors enjoy absolute immunity from liability in suits seeking monetary damages for acts carried out in their prosecutorial capacities. *See Imbler*, 424 U.S. at 430; *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013). Absolute prosecutorial immunity applies, *inter alia*, when a prosecutor prepares to initiate and pursues a prosecution, *see*, *e.g.*, *Peay v. Ajello*, 470 F.3d 65, 68 (2d Cir. 2006), or engages in administrative duties that are directly connected with the conduct of a trial, *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Warney v. Monroe Cnty.*, 587 F.3d 113, 124 (2009) ("a prosecutor enjoys absolute immunity even when doing an administrative act if the act is done in the performance of an advocacy function.") (citation omitted).

Once absolute immunity attaches, it "attaches to [the prosecutor's] function, not the manner in which he performed it. . . . Accordingly, a prosecutor's motivation, and whether preferable alternatives to the actions taken were available, are irrelevant." *Parkinson v. Cozzolino*, 238 F.3d 145, 150 (2d Cir. 2001) (internal quotations and citations omitted); *see also Shmueli*, 424 F.3d at 237 (holding that once the court determines that the challenged prosecution was not clearly beyond the prosecutor's jurisdiction, the prosecutor is shielded from liability for

damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive).

Since plaintiff does not allege that the challenged action of D.A. Rice was undertaken in the complete absence of all jurisdiction, plaintiff's claim against D.A. Rice, based upon conduct involving, or relating to, the initiation and prosecution of a criminal action against plaintiff, is barred by absolute immunity. Accordingly, the complaint is dismissed in its entirety with prejudice as against the D.A. Rice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915(A)(b)(1)-(2).

5. Claim against Sheriff Sposato

Plaintiff does not allege that Sheriff Sposato deprived him of any constitutional right. Rather, plaintiff alleges only that "Sheriff Sposato allowed Kathleen Rice and the D.A.s office to listen to a privileged communication between me and my wife . . . [in violation of] C.P.L.R. 4502." It is well-established that "a violation of state law is not cognizable under § 1983." *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)). Therefore, plaintiff's § 1983 claim against Sheriff Sposato is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(A)(b)(1).

6. Section 1983 Claims Seeking Prospective Injunctive Relief

Apart from plaintiff's demand for monetary damages, plaintiff also seeks a "declaratory judgment regarding plaintiff's rights." (Compl. ¶ V.) Affording the complaint a liberal construction, plaintiff's claim for prospective injunctive relief is implausible because "federal district courts do not have authority to review judgments of state courts," *Teichmann v. New York*, 769 F.3d 821, 826 (2d Cir. 2014) (*per curiam*) (citing *Johnson v. DeGrandy*, 512 U.S. 997,

1005-06 (1994) (noting that *Rooker-Feldman* bars 'a losing party in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.")).

Moreover, claims pursuant to § 1983 that seek to challenge the validity of a conviction are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), which holds that a plaintiff may not use § 1983 as a vehicle for bringing a claim that "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487; *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement.") (citations omitted). Therefore, insofar as plaintiff's request for a "declaratory judgment regarding plaintiff's rights" is construed to challenge his underlying criminal conviction, such relief is unavailable under § 1983. Therefore, plaintiff's claim for prospective injunctive relief is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(A)(b)(1).[4]

    7.    Jurisdiction Over Plaintiff's State Law Claims

When federal claims are dismissed prior to trial, a court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims. In deciding whether to exercise supplemental jurisdiction, a federal district court should balance "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "In general, where the federal claims are dismissed before trial, the state claims should be

---

    [4] The dismissal is without prejudice to plaintiff seeking habeas relief at the appropriate time.

dismissed as well." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (citing *Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well").

In light of the dismissal of plaintiff's federal claims and upon consideration of judicial economy, convenience, fairness and comity, the Court declines to exercise supplemental jurisdiction over any remaining state law claims in this action and plaintiff's state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *See Heckmann v. Town of Hempstead*, 10 Civ. 5455, 2013 WL 1345250, at *3 (E.D.N.Y. Mar. 27, 2013) (declining to exercise supplemental jurisdiction over plaintiff's state law claims where the federal claims were dismissed with prejudice at the pleadings stage).

D. Leave to Amend

A district court should not dismiss a *pro se* complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "amend[ment] should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (*per curiam*) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

Any amendment to plaintiff's claims against Judge Gugerty and D.A. Rice would be futile based upon the doctrine of absolute immunity.  **Plaintiff is therefore granted leave to file an amended complaint against the defendants other than Judge Gugerty and D.A. Rice, on or before May 25, 2015**.  If plaintiff chooses to file an amended complaint, he must set forth factual allegations in support his civil rights claim(s).  The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.  If plaintiff fails to file an amended complaint within the time allowed, the complaint shall be dismissed, judgment shall enter, and the case will be closed.  If plaintiff does file an amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915A.

IV.  Conclusion

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted.  Plaintiff's claims against Judge Gugerty and D.A. Rice are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. 1915(e)(2)(B)(iii) and 1915A(b)(2).  Plaintiff's claims against the remaining defendants are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) **unless plaintiff files an amended complaint on or before May 25, 2015**.  The Clerk of the Court shall, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated: April 20, 2015
Central Islip, New York

/s/
Sandra J. Feuerstein, U.S.D.J.